File Name:  05a0930n.06
Filed:  November 23, 2005

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  04-1921

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

United States of America,

    Plaintiff-Appellee,

v.

William James Allen,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN, COLE, and GILMAN, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge.  William Allen has appealed his conviction for

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and possession with

intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  In this appeal, Allen challenges

the admissibility of the evidence against him, the district court's denial of his motion for a mistrial,

his status as a felon, whether his counsel was effective, and the constitutionality of his sentence.  For

the following reasons, we vacate Allen's sentence and remand the case for resentencing.  As to all

of Allen's other claims of error, we affirm the district court's judgment.

I.

    On July 31, 1998, federal agents went to Allen's residence at 18640 Margareta in Detroit,

Michigan, where they believed a federal fugitive might be staying.  When Bureau of Alcohol,

Tobacco, Firearms, and Explosives Agent Scott Toth knocked on the door and got no response, he called the house and left a message stating that he was outside the residence and wanted permission to search the house. Allen, in the course of checking his messages, learned of the situation at his residence and contacted his attorney. Agent Toth was notified that Allen was coming to the residence with counsel in order to give the agents consent to enter the premises. Upon Allen's arrival, Toth began to fill out a consent to search form and in doing so inadvertently wrote the address of the residence as 18630 Margareta instead of 18640. The 18630 residence was located directly next to the 18640 residence and both were owned by Allen. Both Allen and his attorney signed the consent form and Allen gave the federal agents his keys to unlock the house. With Allen and his attorney present, the federal agents then executed the search of the 18640 residence, and discovered two handguns, cocaine, and assorted drug paraphernalia, along with an assortment of documents with Allen's address as 18640 and some documents with his address as 18630.

After a three day trial, Allen was found guilty of possession of a firearm by a felon and possession with intent to distribute cocaine. The district court sentenced him at the bottom range of the Sentencing Guidelines to a term of 87 months' imprisonment. Allen then filed a timely notice of appeal on five grounds: (1) the admissibility of the evidence against him, (2) the district court's decision to not grant a mistrial, (3) his status as a felon for the gun charge, (4) whether his counsel was effective, and (5) the constitutionality of his sentence.

II.

Allen argues that the evidence seized from his home should have been suppressed because the federal agents did not have a proper warrant for the premises. We review a district court's factual

findings underlying its denial of a motion to suppress for clear error and its conclusions of law *de novo*. *United States v. Freeman*, 209 F.3d 464, 466 (6th Cir. 2000). The validity of a person's consent to search is a factual question and the burden is on the government to prove based on the "totality of all the circumstances" that the consent was knowing and intelligent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973); *see also United States v. Crowder*, 62 F.3d 782, 786-87 (6th Cir. 1995).

Allen argues that the consent to search form in this case was invalid because Allen signed the form containing the 18630 address and thus he did not consent to the search of the 18640 address. Allen, however, handed the federal agents a key that would open both residences, he was physically present during the search, watched the search take place, and reviewed the inventory from the search. At no time did Allen object to which house was being searched. Therefore, despite the address error on the consent form, the totality of the circumstances suggest Allen consented to the search.

The only evidence showing that Allen intended to consent to a search of the 18630 residence is his testimony that he told his attorneys about the error as the search was occurring but was advised not to tell the agents. The district court found this testimony to be "simply unbelievable." When it comes to a credibility determination, we accord considerable deference to the district court's decision. *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005). Allen's testimony was the only evidence contradictory to the conclusion that the federal agents made a mere typographical error on the consent to search form and we see no reason to disturb the district court's finding.

Therefore, we conclude that the totality of the circumstances indicate that Allen consented to the search of the 18640 residence, and the evidence in question was appropriately admitted.

III.

Allen's second claim is that the district court erred by failing to grant a mistrial after prosecutorial misconduct, the district court's faulty jury instructions, and the district court's inappropriate determination of credibility for a confidential informant. We will address each instance separately. The trial judge is required to declare a mistrial only when doing so is a "manifest necessity." *Hamm v. Jabe*, 706 F.2d 765, 767 (6th Cir. 1983) (citing *Arizona v. Washington*, 434 U.S. 497, 505-06 (1978)). We review a district court's denial of a motion for a mistrial under the abuse of discretion standard. *United States v. Parker*, 997 F.2d 219, 221 (6th Cir. 1993).

In order for a defendant to prevail on a prosecutorial misconduct claim, a prosecutor's statements must have been "so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). In evaluating a prosecutor's conduct, we consider four factors: 1) whether the statements tended to mislead the jury or prejudice the defendant; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000).

Allen's claim of prosecutorial misconduct stems from the cross-examination of Allen by an Assistant U.S. Attorney. In that examination, the attorney repeatedly attacked Allen's credibility by comparing statements made under oath at the trial to statements he had previously made during

the suppression hearing. The attorney asked on a number of occasions questions such as "[a]nd, you lied during that hearing, didn't you?", "I know from that hearing that you don't always tell the truth, correct?", and "the judge [in the suppression hearing] didn't believe you, did he?" The important factor for this case is whether or not these questions misled the jury or prejudiced Allen.

The Federal Rules of Evidence permit an advocate to use a witness' prior inconsistent statements to attack that witness' credibility. Fed. R. Evid. 613(b); *United States v. Foster*, 376 F.3d 577, 591 (6th Cir. 2004). The transcript indicated that Allen altered his testimony between the suppression hearing and the trial. The Assistant U.S. Attorney was perfectly within his rights to challenge these prior inconsistent statements in order to attack the witness' credibility.

Allen's second mistrial claim stems from a jury instruction regarding the definition of a stipulation, followed by a discussion of the consent issue in the case. The jury instruction at issue in this case is the following:

> A stipulation is an agreement between both sides that certain things need not be proven; that they agree that these things exist or don't exist, and counsel will read the stipulations to you. Also, you should understand that there has been some discussion in this case that the consent that was given for the search is a valid consent, and also that the search itself was a valid search, so that's not really an issue before you as jurors in this particular matter.

Allen takes issue with this instruction, arguing that the district court used the consent issue as an example of a stipulation. Allen alleges that this instruction could have confused the jurors because Allen did not stipulate to the validity of his consent to the search.

There are two reasons this argument is not persuasive. First, based on a plain reading of the jury instruction, the district court was not using the consent issue as an example of a stipulation, but was in fact informing the jury that the consent issue was not for them to decide. Second, the jury

instruction is a correct statement of the law because whether the consent and the subsequent search were valid is a question of law and was decided previously in the suppression hearing. *See United States v. Hudson*, 405 F.3d 425, 431 (6th Cir. 2005). Therefore, we do not find that the district court erred with respect to denying a mistrial based on the jury instructions.

Allen's third claim for a mistrial is based upon the district court's method of determining the credibility of a confidential informant. In his testimony for this case, Agent Toth stated that upon arrival at 18640 Margareta he was approached by an individual who said he had seen Allen once display a handgun during an argument. This led Agent Toth to begin the process of obtaining a search warrant of the residence, which became unnecessary after Allen consented to the search. Upon Agent Toth testifying to these events, Allen insisted on being able to question the confidential informant. The district court's solution was to conduct an in camera questioning of the confidential informant, asking him three questions as to what he saw and reported to Agent Toth. The district court reported to the parties that the confidential informant confirmed the testimony of Agent Toth.

Allen now objects to the district court conducting this procedure and not allowing defense counsel to question the confidential informant. However, Allen's objection cannot withstand the "manifest necessity" standard for the granting of a mistrial because the information provided by the confidential informant to Agent Toth became irrelevant to the case against Allen the moment Allen consented to the search of his residence. *See Roviaro v. United States*, 353 U.S.53, 60-61 (1957) (holding that disclosure of an informant's identity is only required if the information from the informant is relevant). Consequently, we find no error with respect to this claim.

IV.

Allen has also appealed his conviction for possession of a firearm by a felon based on an argument that he had completed his felony sentence and, therefore, should no longer be considered a felon under section 922(g). Whether Allen was considered a felon is a question of law, which we review *de novo*. *United States v. Barnett*, 398 F.3d 516, 522 (6th Cir. 2005).

In defining what may extinguish a felony conviction, the federal statute states: "Any conviction . . . for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). In order to decide whether Allen's civil rights had been sufficiently restored, we must turn to Michigan criminal law because Allen's original felony conviction was under Michigan state law. Under Michigan law,

> [a] person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist:
>
> (a) The expiration of 5 years after all of the following circumstances exist:
>
>> (i) The person has paid all fines imposed for the violation.
>>
>> (ii) The person has served all terms of imprisonment imposed for the violation.
>>
>> (iii) The person has successfully completed all conditions of probation or parole imposed for the violation.
>
> (b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to section 4 of Act No. 372 of the Public Acts of 1927, being section 28.424 of the Michigan Compiled Laws.

M.C.L. § 750.224f(2). Allen was previously convicted of Possession of Cocaine in an amount more than 25 grams, but less than 50 grams. This felony qualifies as a "specified felony" because an element of the felony is the unlawful possession of a controlled substance. M.C.L. § 750.224f(6)(ii). Allen was discharged from his probation of this crime on April 25, 1995. After the five year wait required by Michigan law, Allen was eligible to apply to regain his firearms rights in the state of Michigan on April 25, 2000. According to federal law, Allen's felony is still considered a conviction for purposes of section 922(g) until Michigan restores his firearms right. Therefore, April 25, 2000 would also be the first day that Allen could have lawfully possessed a gun under federal law. The events surrounding his federal gun charge took place on July 31, 1998. Therefore, Allen was properly considered to be a felon.

V.

Allen has also raised an ineffective assistance of counsel claim. This court reviews such a claim *de novo*. *Towns v. Smith*, 395 F.3d 291, 258 (6th Cir. 2005). However, "as a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) (quoting *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002)). We see no reason in this case to deviate from the general rule considering that the record as to the alleged acts of ineffective assistance of counsel is virtually bare. Therefore, this appeal would more appropriately be raised on a petition to vacate the sentence under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

VI.

Finally, Allen has raised a *Booker* claim regarding his sentence. *See United States v. Booker*, 125 U.S. 738 (2005); *United States v. Oliver*, 397 F.3d 369, 381 n.3 (6th Cir. 2005). The United States agrees that this case is appropriate for resentencing. Therefore, we vacate Allen's sentence and remand for resentencing.

VII.

Based on the foregoing reasons, we AFFIRM the district court judgment as to Allen's convictions but VACATE his sentence and REMAND this case to the district court for resentencing.